IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENT A. GANT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 04-219E |
| ) | JUDGE SEAN McLAUGHLIN |
| JAMES SHERMAN, Warden, et al., ) | MAGISTRATE JUDGE BAXTER |
| ) | |
| Respondents. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by a federal prisoner be denied.

**II.   REPORT**

This is a petition filed pursuant to 28 U.S.C. §2241 by Vincent Gant who, at the time the petition was filed, was a federal prisoner. Gant alleges that the United States Parole Commission has acted improperly in several respects leading to his continued incarceration. A response has been filed (Docket #12) and the petition is now ripe for disposition.[1]

**A.   Procedural history.**

Petitioner Vincent Gant has been either in custody or on parole since 1988 for crimes committed in the District of Columbia. In fact, he has repeatedly been released on parole

---

[1]   Several motions were also filed in this case. Gant filed a motion for summary judgment (Docket #14), a motion for production of documents (Docket #10), a motion to expedite determination (Docket #15), a "Petition to Federal Court to Resolve Unconstitutional Matters" (Docket #21) and a motion seeking emergency injunctive relief to prevent further action by the Parole Commission (Docket #22). The Court denied these motions on April 27, 2005 (Docket #23), but for one (Docket #22), which is dismissed this date.

and then returned to prison for parole violations and/or on new criminal behavior. Gant's most recent return to prison, arising from a 2003 assault, which resulted in a criminal conviction in the District of Columbia and the revocation of parole for a 1992 sentence, is the impetus for the instant petition. Gant initially complained that the United States Parole Commission acted improperly in three respects: (1) in revoking his parole in reliance upon an "illegal conviction" for Simple Assault in the District of Columbia Superior Court; (2) in denying him the right to participate in a work-release program; and (3) in improperly denying him "street time" upon revocation of his parole (Docket #2, ¶¶ 2-15). Gant filed an amended petition on September 7, 2004, and added a claim that the Commission lacked jurisdiction over him at the time of the most recent revocation proceeding because, by Gant's count, his sentence of parole for the 1992 conviction expired on September 12, 2000 (Docket #4). In this respect, Gant argues that the Commission's revocation of credit for "street time" was improper, and that, accordingly, his parole expired prior to the Commission's 2000 actions, making his subsequent parole revocations illegal.

The Government responded to the petition on November 4, 2004 (Docket #12). The response contains a detailed history of petitioner's convictions and parole revocation proceedings, with attached parole records. Relevant to the instant petition are the following facts:

Gant was convicted of theft, assault and attempted possession of PCP in the District of Columbia in 1988. He began serving a sentence of 3 to 9 years on September 30, 1988 (Docket #12, Exhibits A-D). That sentence was reduced by the D.C. court on December 19, 1988, to an aggregate term of 20 months to 5 years (Id., Exhibit A). Gant was paroled on February 11, 1992 by the District of Columbia Board of Probation and Parole (Id., Exhibit E).

In September 1992, Gant was arrested on new charges. Additional charges followed in October 1992, and Gant was taken into custody on October 29, 1992. Gant was ultimately convicted of burglary, unauthorized use of a vehicle and destruction of property on April 1, 1993 (Id., Exhibit M). He was given credit for all of the time in custody from October 29, 1992, through April 1, 1993, on the new (1992) charges. The 1992 charges also resulted in a parole violation detainer warrant being issued concerning the 1988 conviction on November 3, 1992 (Id., Exhibit L). Thus, although a detainer had been issued with respect to the 1988

conviction, Gant was in custody for the new criminal charges only.

On June 15, 1994, the District of Columbia Board of Probation and Parole granted Gant parole from the 1992 sentences to the still pending detainer from the 1988 charges (Id., Exhibits N and O). A revocation hearing was held on the detainer from the 1988 charges on August 4, 1994, and Gant's parole was revoked, but he was immediately reparoled (Id., Exhibits P and Q). This had the effect of moving his full-term release date on this sentence from February, 1997, to September 26, 1998 (Id., Exhibit P at 2).

Gant again had trouble with the D.C. Board in 1995. His parole in the 1992 case was revoked on September 12, 1995, for failure to comply with the conditions of his parole, and a 20 month to 5 year prison sentence was imposed (Id., Exhibit S). Again, a detainer was issued with respect to the 1988 sentence (Id., Exhibits U and V). Gant was released to this detainer on September 11, 1997 (Id., Exhibit W). Gant's parole on the 1988 charges was revoked on December 19, 1997, and he was ultimately released on parole again on April 27, 1999 (Id., Exhibits X-Z). His full term expiration date on the 1988 sentence at the time of his release in 1999 was March 19, 2002 (Id.).

At this point, Gant's supervision was changed from the D.C. Board to the United States Parole Commission, which assumed the duties of the District of Columbia Parole Commission in two steps. In August 1998, the U.S. Parole Commission assumed paroling authority, and all other duties, including parole revocation, were assumed two years later. D.C. Code §24-131. Thus, when Gant again violated the conditions of his parole in 2001, the U.S. Parole Commission acted, eventually revoking Gant's parole as to the 1992 sentence on December 20, 2001 (Id., Exhibit FF). Gant was informed at this time that all of his time on parole, i.e., all of his "street time," was being taken away, and that he would receive no credit for time spent on parole. Gant was released on parole on December 20, 2002, with a sentence expiration date of July 14, 2004 (Id., Exhibit GG).

A parole violation warrant was again issued for Gant on December 24, 2003 (Id., Exhibit HH). His parole was revoked, his time spent on parole was forfeited, and he was recommitted to the expiration of his sentence (Id., Exhibit JJ). At the time of the revocation

proceeding, the Commission listed Gant's mandatory release date with respect to the 1992 sentence as April 2, 2005 (Id., Exhibit II at 2). This was corrected, however, on October 28, 2004, to reflect that, as of December 20, 2002, Gant had only 516 days remaining to be served (Id., Exhibit KK). His release date was, therefore, amended from April 2, 2005, to December 25, 2004 (Id., Exhibit LL).[2]

### B. Applicable legal standard.

Initially, it should be noted that a petition pursuant to §2241 is the proper method for challenging the actions of the United States Parole Commission. See, e.g., U.S. v. Kennedy, 851 F.2d 689, 691 & n. 4 (3d Cir.1988) (challenge to parole commission's execution of federal sentence properly challenged under Section 2241). However, the standard of review of the Parole Commission's determination is "extremely deferential." Furnari v. Warden, Allenwood Federal Correctional Institution, 218 F.3d 250 (3d Cir.2000). The court must affirm the Parole Commission's decision as long as 'there is a rational basis in the record for the [Parole Commission's] conclusions embodied in its statement of reasons.' Id. (quoting Zannino v. Arnold, 531 F.2d 687, 691 (3d Cir.1976)).

### C. Petitioner's claims.

The first argument made by Gant is that the 2003 revocation proceeding was premised upon an underlying state court conviction which is, in Gant's view, somehow infirm. In this respect, the standard of review explained in Furnari is relevant:

> The appropriate standard of review of the Commission's findings of fact "is not whether the [Commission's decision] is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether

---

[2] It appears that this petition may have been mooted if Gant was released from custody in December, 2004. The parties, however, have not provided any further information concerning Gant's status, and Gant has filed three pleadings with the court since his mandatory release date (Docket #s 20-22). Thus, having no certain indication of Gant's status, the court will address the petition.

> there is a rational basis in the record for the [Commission's] conclusions embodied in its statement of reasons." <u>Zannino v. Arnold</u>, 531 F.2d 687, 691 (3d Cir.1976); <u>see also</u> 28 C.F.R. § 2.18 ("The granting of parole to an eligible prisoner rests in the discretion of the United States Parole Commission."). This Court should review, however, whether the Commission "has followed criteria appropriate, rational and consistent" with its enabling statutes so that its "decision is not arbitrary and capricious, nor based on impermissible considerations." <u>Zannino</u>, 531 F.2d at 690. To this end, "the Commission may not base its judgment as to parole on an inaccurate factual predicate." <u>Campbell v. United States Parole Comm'n</u>, 704 F.2d 106, 109 (3d Cir.1983) (citations omitted).

218 F.3d 250, 254 (3d Cir. 2000). Here, the Commission, relying upon the evidence of a state court conviction for assault, exercised its discretion and determined that petitioner should be incarcerated (See Docket #12, Exhibits II and JJ). Two witnesses were subpoenaed to appear at the revocation hearing, the victim and the arresting officer, but they were permitted to leave due to the fact that the District of Columbia Superior Court had already found Gant guilty of the charge, which was the basis of the parole revocation proceeding (<u>Id</u>., Exhibit II at 1). Thus, the Commission's decision has a rational basis. Further, that decision is not premised upon an inaccurate factual predicate, since Gant was convicted of a criminal offense while on parole. Therefore, the petition must be denied in this respect.

       Gant also argues that the Commission acted without authority in revoking his parole in December 2001, and again in 2004, because he believes that his 1992 sentence had expired in September 2000 (Docket #4). In this respect, Gant argues that he was entitled to credit for street time against the 1992 sentence at various times, and that the Commission's decision to disallow any and all credit for street time is a violation of the law (<u>Id</u>.). Gant asserts that the U.S. Parole Commission has overstepped its authority with respect to D.C. prisoners. He is not the first D.C. prisoner who has made this argument. In fact, the issue arose in, and was conclusively decided by, the <u>Noble</u> case, which is described by the United States Court of Appeals for the District of Columbia Circuit as follows:

> Section 24-206(a) of the District of Columbia Code provides that prisoners whose parole is revoked shall not receive credit against their sentences for "street time," that is, the time they spent on parole. In 1987, the District of Columbia enacted D.C.Code § 24-431(a); without mentioning parole revocation, it established a general rule that street time shall be treated the same as time spent in physical custody. The U.S. Parole Commission concluded that this new statute did not affect § 24-206(a). By

>contrast, the D.C. Department of Corrections determined that § 24-431(a) had impliedly repealed the section, and consequently the Board of Parole began to give prisoners credit for street time even when their parole was revoked. The new D.C. policy was based on a misreading of the law, as the D.C. Court of Appeals held in 1997. After that opinion the Department of Corrections changed its policy, but it did not make the change retroactive to people whose sentences had already expired--that is, it did not attempt to rearrest former inmates whose releases had been predicated on credit for street time prior to parole revocation.
>
>In 1985, having already compiled a long record of drug offenses, Noble was convicted in D.C. Superior Court of distribution of a controlled substance. At the time, he was a federal parolee, and the Bureau of Prisons aggregated his sentences to yield a term of just over nine years, to be served in federal custody. He was paroled again in 1988, but in 1993 his parole was revoked. Pursuant to D.C.Code § 24-206(a), the Parole Commission refused to credit Noble's street time against his sentence. In 1995, Noble petitioned for a writ of habeas corpus, claiming that the Commission had violated D.C. law by failing to credit him for his street time. The writ was granted, see Noble v. United States Parole Comm'n, 887 F.Supp. 11 (D.D.C.1995), but on appeal, we certified to the D.C. Court of Appeals the question of whether the Parole Commission had properly interpreted the D.C. statute. Noble v. United States Parole Comm'n, 82 F.3d 1108 (D.C.Cir.1996). After that court confirmed that the Commission's interpretation was correct, see United States Parole Comm'n v. Noble, 693 A.2d 1084 (D.C.1997), aff'd, 711 A.2d 85 (D.C.1998) (en banc), we remanded to the district court for further proceedings. The district court denied the writ, see Noble v. United States Parole Comm'n, 32 F.Supp.2d 11 (D.D.C.1998), and Noble appealed.

Noble v. U.S. Parole Commission, 194 F.3d 152, 154 (D.C.Cir. 1999). The Court of Appeals affirmed, finding that Noble's due process challenge (echoed in large part by Petitioner here) was not persuasive.

      Gant, then, is making the precise argument about the disposition of street time credit under District of Columbia parole law, which has been rejected by the Court of Appeals of the District of Columbia Circuit, as well as other courts. See, e.g., Bethea v. Clark, 116 F.3d 1482 (7th Cir. 1997); Tyler v. United States, 929 F.2d 451 (9th Cir. 1991). Further, and in any event, it is premised upon an interpretation of District of Columbia law that has been found to be inaccurate by the D.C. courts. Noble, 711 A.2d 85. Gant cannot establish that he was entitled under D.C. law to credit for "street time" and, accordingly, the Commission has not denied him due process by computing the 1992 sentence in this way, i.e., by denying Gant credit for time spent on parole when his parole was revoked.

      Finally, Gant argues that he was improperly denied the ability to participate in a

work-release program due to the Bureau of Prison's improper calculation of his sentence. Specifically, Gant argues that he should have been considered for such release earlier than February 10, 2005 (Docket #1, Exhibit 5).  However, the Commission's October 2004, recalculation of Gant's remaining time to be served resulted in Gant being approved for such a placement effective November 23, 2004 (Docket #12, Exhibits LL and MM).  This claim is, therefore, moot.

### III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that this Petition for Writ of Habeas Corpus be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

  /s/ Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
UNITED STATES MAGISTRATE JUDGE

Dated: August 1, 2005